UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DOROTHY BROWN, ADMINISTRATRIX                                      PLAINTIFF
OF THE ESTATE OF CORETTA ANDREWS,
DECEASED, ON BEHALF OF THE WRONGFUL
DEATH BENEFICIARIES OF
CORETTA Y. ANDREWS, DECEASED

v.                                         CIVIL ACTION NO. 3:14cv179-DPJ-FKB

DOLGENCORP, LLC d/b/a DOLLAR
GENERAL STORE NO. 6098, MILTON
ADAMS, and JOHN DOES I–V                                          DEFENDANTS

ORDER

     This removed case is before the Court on Plaintiff's Motion to Remand [4].  Because the

removing defendant has not established that non-diverse defendant Milton Adams is a nominal

party, the Court lacks subject-matter jurisdiction and the motion is granted.

I.     Facts and Procedural History

     This case arises from the September 16, 2013 death of Coretta Y. Andrews.  On that date,

Andrews was abducted by Defendant Milton Adams from the Dollar General Store in Lexington,

Mississippi, operated by Defendant Dolgencorp, LLC.  Following the abduction, Adams shot and

killed Andrews.

     On January 30, 2014, Plaintiff Dorothy Brown, Administratrix of Andrews's estate, filed

a wrongful death lawsuit against Dolgencorp and Adams in the Circuit Court of Holmes County,

Mississippi.  Plaintiff alleges that Dolgencorp and Adams both contributed to Andrews's death:

Dolgencorp through negligent premises security, and Adams by his "unprovoked assault,

kidnapping, [and] shooting of her."  Compl. [2] ¶ 15(f).  Dolgencorp removed the case to this

Court on March 4, 2014, invoking the Court's diversity jurisdiction.  Plaintiff timely filed a motion to remand, and the issues raised have been fully briefed.

II.      Analysis

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant" to federal district court.  28 U.S.C. § 1441(a).  Dolgencorp premises federal jurisdiction on 28 U.S.C. § 1332, under which the district courts have jurisdiction over civil actions between "citizens of different States."  28 U.S.C. § 1332(a)(1).  The diversity statute requires complete diversity between all named plaintiffs and all named defendants.  *E.g.*, *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).  But the Court should disregard the citizenship of nominal parties in assessing the propriety of diversity jurisdiction.  *See Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980); *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003).

"Whether a party is 'nominal' for removal purposes depends on 'whether, in the absence of the [defendant], the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to the plaintiff.'"  *Acosta v. Master Maint. & Constr. Inc.*, 452 F.3d 373, 379 (5th Cir. 2006) (quoting *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants Local 349*, 427 F.2d 325, 327 (5th Cir. 1970)).  "An alternate articulation of the test is whether or not a named party's 'role in the lawsuit is that of a depository or stakeholder.'"  *Louisiana v. Union Oil Co. of Calif.*, 458 F.3d 364, 367 (5th Cir. 2006) (quoting *Tri-Cities Newspapers, Inc.*, 427 F.3d at 327); *see also* "Nominal party," Black's Law Dictionary (9th ed. 2009) ("A party to an action who has no control over it and no financial interest in its outcome; esp., a party who has some immaterial interest in the subject

matter of a lawsuit and who will not be affected by any judgment, but who is nonetheless joined

in the lawsuit to avoid procedural defects.  An example is the disinterested stakeholder in a

garnishment action.").

Here, complete diversity is lacking as both Plaintiff and Defendant Adams are citizens of

Mississippi.  Dolgencorp asserts that Adams's citizenship should be ignored because he is a

nominal party.  Dolgencorp bases its position solely on "the fact that Adams has no assets, and as

such, there is no possibility of recovery by Plaintiff against Defendant Adams in this case."  Not.

of Removal [1] ¶ 14 (citations omitted).  To support its assertion, Dolgencorp attaches the order

of the Holmes County Circuit Court in the related criminal case against Adams, which found

Adams indigent and appointed counsel.  Order [6-2].

There is some authority to support the notion that an insolvent defendant is a nominal

party for purposes of diversity jurisdiction.  *See Inman Constr. Corp. v. So. Pilot Ins. Co.*, No.

4:06cv169-P-B, 2007 WL 1657422, at *2 (N.D. Miss. June 5, 2007) ("[P]arties which are in

liquidation and have no assets when litigation against them is commenced are nominal parties

which need not join in a notice of removal filed by another defendant." (citations omitted)).

There is also authority to the contrary.  *See Wise v. Ill. Cent. R.R. Co.*, No. 2:08cv259, 2009 WL

3824398, at * (N.D. Miss. Nov. 12, 2009) (citing *Inman*, noting that its holding "over

emphasizes the law's function as a means to transfer wealth," and concluding that insolvent

driver of vehicle that collided with train, killing his three passengers, "may be unable to pay [but]

is a real party to this action and is a proper defendant"); *see also Gray v. Border Exp. Servs., Ltd.*,

2:11-CV-128-KS-MTP, 2012 WL 12385, at *5 (S.D. Miss. Jan. 3, 2012) ("[T]he Court rejects

Border Express's argument that the Estate's alleged insolvency—by itself—is sufficient reason to

disregard it for purposes of determining whether the parties are diverse.").  The Fifth Circuit has

not weighed in on the issue, and the Court finds the latter approach more persuasive.

Plaintiff has certainly stated a claim against Adams.  And while any judgment rendered

against him may be of no economic value at the moment, "Mississippi law recognizes that

vindication in court without economic gain is sometimes the only relief available or desired."

*Wise*, 2009 WL 3824398, at *2.  Moreover, the fact that Adams has been declared indigent for

purposes of obtaining criminal defense counsel does not mean that any judgment entered against

him will be forever worthless.  Under Mississippi law, a judgment that is enrolled per statute

"constitutes a lien upon and binds all the property of the defendant within the county where it is

enrolled [and] attaches to after-acquired property from the date of its acquisition."  *Motors Sec.

Co. v. B. M. Stevens Co.*, 83 So. 2d 177, 179 (Miss. 1955).  Dolgencorp has not shown that

Adams is not a real, interested party to this lawsuit.  Adams is a proper defendant, and his

presence destroys diversity.  The Court lacks subject-matter jurisdiction, and the motion to

remand is granted.

III.    Conclusion

The Court has considered all of the parties' arguments.  Those not specifically addressed

would not have changed the outcome.  For the foregoing reasons, Plaintiff's Motion to Remand

[4] is granted, and this case is remanded to the Circuit Court of Holmes County, Mississippi.

**SO ORDERED AND ADJUDGED** this the 14th day of April, 2014.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

4